NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| OSNY SORTO-VASQUEZ KIDD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS,[1] Secretary, U.S. Department of Homeland Security, in his official capacity; TAE D. JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; DAVID MARIN, Los Angeles Field Office Director, U.S. Immigration and Customs Enforcement, in his official capacity; JOSEPH MACIAS, Los Angeles Special Agent in Charge, Homeland Security Investigations, U.S. Immigration and Customs Enforcements, in his official capacity; UNITED STATES OF AMERICA; O.M.; C.C.; J.H.; and J.N., <br><br> Defendants. | No. 2:20-cv-03512-ODW (JPRx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Honorable Jean P. Rosenbluth <br> United States Magistrate Judge <br><br> Complaint Filed: April 16, 2020 |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants Mayorkas and Johnson are automatically substituted for their predecessors

# STIPULATED PROTECTIVE ORDER

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, herein, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve law enforcement practices, financial, private, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of training materials for Immigration and Customs Enforcement ("ICE") agents/officers, documents reflecting tactics and techniques ICE agents utilize when serving arrest warrants and making arrests, documents related to immigrants and detainees' immigration proceedings (including but not limited to their "A-files") as well as private information regarding others in their household, information regarding confidential business practices, organizational membership and/or operational information, information regarding the income and personal finances of Plaintiffs and various current and former ICE agents/officers, the identities of current and former ICE employees (including but not

necessarily limited to rank and file ICE employees),[2] confidential agency practices, and other information generally unavailable to the public that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, is not otherwise subject to disclosure under applicable public records laws, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

    2.1    Action: the lawsuit styled *Kidd, et al. v. Mayorkas, et al.*, Case No.: CV 20-3512-ODW (JPRx).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other governing law, and as specified above in the Good Cause Statement.

    2.4    "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things

---

[2] In light of the Court's October 5, 2020 Order regarding the Individual Defendants (see ECF No. 37), Plaintiffs agree that such officers' identities may be initially designated confidential. Consistent with that Order, Plaintiffs reserve the right to revisit this issue with the Court at a later stage of the case or to challenge the confidentiality designation if it impedes Plaintiffs' ability to prosecute their claims.

that qualify for protection under Federal Rule of Civil Procedure 26(c) and other governing law, and as specified above in the Good Cause Statement, for which heightened protection is appropriate. A CONFIDENTIAL–ATTORNEYS' EYES ONLY designation shall apply only to extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

      2.5    Counsel: Outside Counsel of Record and House/Agency Counsel.

      2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

      2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness, consultant, or investigator in this Action (as well as their support staff).

      2.9    House/Agency Counsel: attorneys who are employees of a party to this Action. House/Agency Counsel does not include Outside Counsel of Record or any other outside counsel.

      2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

      2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and who have appeared in this Action on behalf of that party.

      2.12    Party: any party to this Action, including all of its officers, directors, staff, consultants (not employed by Counsel of Record or any student at UC Irvine School of Law), retained experts (not employed by Counsel of Record or any student at UC Irvine

School of Law), and Outside Counsel of Record.

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined herein), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1     **Exercise of Restraint and Care in Designating Material for Protection**.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     **Manner and Timing of Designations**.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) herein), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL–ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

5

portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that involves information subject to CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY designations, the Parties must identify such protected testimony on the record before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material

is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

   6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

   6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1   Basic Principles.

   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. No one subject to this Protective Order shall use CONFIDENTIAL information or CONFIDENTIAL–ATTORNEYS' EYES ONLY information obtained from a Party or Non-Party for any other purpose or in any other proceeding. CONFIDENTIAL information or CONFIDENTIAL–ATTORNEYS' EYES ONLY information obtained in this litigation also shall not be used to retaliate against, discriminate against, or harass any party, any witness, any relative or domestic partner of any Party or witness, or any individual associated with the Parties.

   Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

   When the Action has been terminated, a Receiving Party must comply with the

provisions of section 13 below herein (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, and support staff of said Outside Counsel of Record, including law students, to whom disclosure is reasonably necessary for this Action. In light of the sensitive nature of "CONFIDENTIAL" information, it is the Parties' intent that access to "CONFIDENTIAL" information shall be highly circumscribed and not made broadly available to the staff and/or law students of Outside Counsel of Record. With the exception of the attorneys who entered appearances in this litigation, each individual identified under section 7.2(a) must execute the "Acknowledgment and Agreement to be Bound" (Exhibit A) prior to obtaining access to any information designated as "CONFIDENTIAL";

(b) the Receiving Party, including officers, directors, agents, and staff (including House/Agency Counsel) and/or law students to whom to the extent disclosure is reasonably necessary for this Action. Each individual identified under section 7.2(b) must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as "CONFIDENTIAL." In light of the sensitive nature of "CONFIDENTIAL" information, it is the Parties' intent that access to "CONFIDENTIAL" information shall be highly circumscribed and not made broadly available to the staff of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) interpreters;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action. Each individual identified under section 7.2(f) must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as CONFIDENTIAL;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) deposition witnesses and their attorneys for depositions conducted in the Action to whom disclosure of Protected Material is reasonably necessary, provided: (1) the deposing party obtains an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness and any outside attorney(s); and (2) the witness and his or her attorney(s) refrain from taking any documents from the deposition that include any information designated CONFIDENTIAL, including, but not limited to, deposition exhibits, documents shown to the witness, but not marked as exhibits, and any notes generated during the deposition. Only Counsel of Record in the Action shall retain an original or copy of any deposition transcript. Deposition witnesses and their attorneys may temporarily retain an original or copy of a transcript of their own deposition to review it for accuracy, or to prepare to testify. Neither the witness nor their counsel shall make copies of the transcripts, or any portion thereof. The deposition witnesses and their attorneys must return the deposition transcripts to Counsel of Record within 10 days after testifying or completing review of the transcript. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually

9

agreed upon by any of the parties engaged in settlement discussions or appointed by the Court. Each nonjudicial individual identified under section 7.2(j) must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as CONFIDENTIAL.

7.3   Disclosure of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, and support staff of said Outside Counsel of Record, including law students, to whom disclosure is reasonably necessary for this Action. In light of the highly sensitive nature of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information, it is the Parties' intent that access to "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information shall be highly circumscribed and not made broadly available to the staff and/or law students of Outside Counsel of Record. With the exception of the attorneys who entered appearances in this litigation, each individual identified under section 7.3(a) must execute the "Acknowledgment and Agreement to be Bound" (Exhibit A) prior to obtaining access to any information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY"]];

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  court reporters and their staff;

(e)  interpreters;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action. Each individual identified under this subsection must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as

1  CONFIDENTIAL–ATTORNEYS' EYES ONLY;

2      (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

4      (h) deposition witnesses and their attorneys for depositions conducted in the Action to whom disclosure of Protected Material is reasonably necessary, provided: (1) the deposing party obtains an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness and his or her attorney(s); and (2) the witness and his or her attorney(s) refrain from retaining any documents that include any information designated CONFIDENTIAL–ATTORNEYS' EYES ONLY, including, but not limited to, deposition exhibits, documents shown to the witness, but not marked as exhibits, and any notes generated during the deposition. Only Counsel of Record in the Action shall retain an original or copy of any deposition transcript. Deposition witnesses and their attorneys may temporarily retain an original or copy of a transcript of their own deposition to review it for accuracy, or to prepare to testify. Neither the witness nor their counsel shall make copies of the transcripts, or any portion thereof. The deposition witnesses and their attorneys must return the deposition transcripts to Counsel of Record within 10 days after testifying or completing review of the transcript. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

21     (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court. Each individual identified under this subsection must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as CONFIDENTIAL–ATTORNEYS' EYES ONLY.

26     7.4   Disclosure of the Identities of Individual Capacity Defendants. In accordance with this Court's October 5, 2020 Order (see ECF No. 37), the identities of the ICE employees sued in their individual capacity shall be disclosed only to Plaintiffs'

Outside Counsel of Record, including support staff to whom disclosure is reasonably necessary for this Action. Plaintiffs' counsel may share the identities of the ICE employees involved in the alleged incidents that gave rise to this Action with Plaintiffs only after Plaintiffs have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

      7.5    Retention of Executed Copies of "Acknowledgement and Agreement to Be Bound." Counsel shall retain all executed copies of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) from individuals who have been granted access to any Protected Material by such Counsel.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the

burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement

13

1    with the Non-Party before a determination by the court.

2        Absent a court order to the contrary, the Non-Party shall bear the burden and
3    expense of seeking protection in this court of its Protected Material.

4    10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
6    Protected Material to any person or in any circumstance not authorized under this
7    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
8    the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
9    all unauthorized copies of the Protected Material, (c) inform the person or persons to
10   whom unauthorized disclosures were made of all the terms of this Order, and (d) request
11   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
12   that is attached hereto as Exhibit A.

13   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
14        PROTECTED MATERIAL

15       When a Producing Party gives notice to Receiving Parties that certain
16   inadvertently produced material is subject to a claim of privilege or other protection, the
17   obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure
18   26(b)(5)(B). This provision is not intended to modify whatever procedure may be
19   established in an e-discovery order that provides for production without prior privilege
20   review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach
21   an agreement on the effect of disclosure of a communication or information covered by
22   the attorney-client privilege or work product protection, the parties may incorporate their
23   agreement in the stipulated protective order submitted to the court provided the Court so
24   allows.

25   12.   MISCELLANEOUS

26       12.1   Right to Further Relief. Nothing in this Order abridges the right of any
27   person to seek its modification by the Court in the future.

28       12.2   Right to Assert Other Objections. By stipulating to the entry of this

1  Protective Order no Party waives any right it otherwise would have to object to
2  disclosing or producing any information or item on any ground not addressed in this
3  Stipulated Protective Order. Similarly, no Party waives any right to object on any ground
4  to use in evidence of any of the material covered by this Protective Order.
5          12.3   Filing Protected Material. A Party that seeks to file under seal any Protected
6  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed
7  under seal pursuant to a court order authorizing the sealing of the specific Protected
8  Material at issue. If a Party's request to file Protected Material under seal is denied by
9  the court, then the Receiving Party may file the information in the public record unless
10 (a) the Receiving Party is otherwise instructed by the court or (b) the information is
11 already recognized as protected under the Local Rules or Federal Rules, such as social
12 security numbers.
13 13.    FINAL DISPOSITION
14         After the final disposition of this Action, as defined in paragraph 4, within 60 days
15 of a written request by the Designating Party, each Receiving Party must return all
16 Protected Material to the Producing Party or destroy such material. As used in this
17 subdivision, "all Protected Material" includes all copies, abstracts, compilations,
18 summaries, and any other format reproducing or capturing any of the Protected Material.
19 Whether the Protected Material is returned or destroyed, the Receiving Party must
20 submit a written certification to the Producing Party (and, if not the same person or
21 entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,
22 where appropriate) all the Protected Material that was returned or destroyed and (2)
23 affirms that the Receiving Party has not retained any copies, abstracts, compilations,
24 summaries or any other format reproducing or capturing any of the Protected Material.
25 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
26 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
27 correspondence, deposition and trial exhibits, expert reports, attorney work product, and
28 consultant and expert work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 4, 2021

By: ___/s/ Michael Kaufman___
Attorney for Plaintiffs

DATED: August 4, 2021

By: ___/s/ Aaron Kollitz___
Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 6, 2021

Honorable Jean P. Rosenbluth
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Kidd et al., v. Mayorkas, et al., CV 20-3512-ODW (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____