O

# United States District Court
# Central District of California

| | |
|---|---|
| OSNY SORTO-VASQUEZ KIDD et al., | Case № 2:20-cv-03512-ODW (JPRx) |
| Plaintiffs, | **PARTIAL FINAL JUDGMENT** |
| v. | |
| KRISTI NOEM, United States Secretary of Homeland Security, in her official capacity, et al., | |
| Defendants. | |

Following the parties' filing of motions for summary judgment, the Court granted Plaintiffs' Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) as to the Knock and Talk Class's First, Second, and Third Cause of Action. (ECF No. 506.)

Pursuant to the Court's Order Re Motions for Summary Judgment, (ECF No. 506), incorporated here by reference, and the Court's Order Granting Defendants' Ex Parte Application for Partial Judgment, issued contemporaneously with this Order, and finding no just reason for delay, *see* Fed. R. Civ. P. 54(b), it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. The Court **ENTERS** final partial judgment on Plaintiff Knock and Talk Class's Fourth Amendment claim in favor of Plaintiff Knock and Talk Class and against Official Capacity Defendants, as those parties are defined in the Court's Order Re Motions for Summary Judgment, because Defendants maintain a system-wide policy and practice of entering the curtilage of homes, without a judicial warrant or consent, for the purpose of arresting the occupant;

2. The Court **ENTERS** final partial judgment on Plaintiff Knock and Talk Class's Administrative Procedure Act ("APA") claims in favor of Plaintiff Knock and Talk Class and against Official Capacity Defendants because Defendants' system-wide policy and practice violates 8 C.F.R. § 287.8(f)(2) and is "contrary to [a] constitutional right," 5 U.S.C. § 706(2)(B);

3. The Court **DECLARES** that the challenged system-wide policies and practices of entering the curtilage of homes, without a judicial warrant or consent, for the purpose of arresting the occupant violate the Fourth Amendment to the United States Constitution;

4. The Court **DECLARES** that the challenged system-wide policies and practices of entering the curtilage of homes, without a judicial warrant or consent, for the purpose of arresting the occupant violate the APA;

5. The Court **VACATES** any policies and practices that allow officers in the Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE") or Enforcement and Removal Operations ("ERO"), and any agents with Homeland Security Investigations ("HSI") participating with such ERO officers on civil immigration enforcement operations in the Los Angeles Area of Responsibility to enter the curtilage of a home for the purpose of arresting an occupant, absent a judicial warrant, valid

        express consent by a resident of the home, or other legal authority by which the officer may enter the curtilage of the occupant's home.

6.     The Court shall retain jurisdiction to award costs and attorneys' fees on the Knock and Talk Class claims and over all other claims that Plaintiffs assert in the First Amended Complaint, (ECF No. 38).

**IT IS SO ORDERED.**

June 24, 2025

                                                _____
                                                **OTIS D. WRIGHT, II**
                                          **UNITED STATES DISTRICT JUDGE**