1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14  OSNY SORTO-VASQUEZ KIDD, et al.,   Case No. 2:20-cv-03512-ODW-JPR

15         Plaintiffs,   **CLASS ACTION**

16         vs.   **ORDER GRANTING FINAL APPROVAL OF RUSE CLASS CLAIMS SETTLEMENT**

17  KRISTI NOEM, United States Secretary of Homeland Security, in her official capacity, et al.,

18
19         Defendants.
20
21
22
23
24
25
26
27
28

Date: August 4, 2025
Time: 9:00AM
Courtroom: 5D
Judge: Hon. Otis D. Wright II

ANNE LAI (SBN 295394)
alai@law.uci.edu
UC IRVINE SCHOOL OF LAW
IMMIGRANT RIGHTS CLINIC
401 E. Peltason Drive,
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747

JACOB KREILKAMP (SBN 248210)
jacob.kreilkamp@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

GIOVANNI SAARMAN GONZÁLEZ (SBN 314435)
giovanni.saarmangonzalez@mto.com
GABRIEL BRONSHTEYN (SBN 338011)
gabriel.bronshteyn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Plaintiffs

1       WHEREAS, Plaintiffs Coalition for Humane Immigrant Rights ("CHIRLA")
2 and Inland Coalition for Immigrant Justice ("ICIJ," and together with CHIRLA, the
3 "Plaintiffs"), on behalf of themselves and the Ruse Class, have asserted claims for
4 declaratory and injunctive relief against Defendants Kristi Noem, Secretary of the
5 Department of Homeland Security ("DHS"), Todd M. Lyons, the Acting Director
6 of U.S. Immigration and Customs Enforcement ("ICE"), and Ernesto Santacruz Jr.,
7 the Acting Director of the Los Angeles Field Office of ICE (the "Official Capacity
8 Defendants") (collectively the "Parties,") challenging: (1) ICE officers' use of
9 deceptive ruses wherein officers misrepresent their governmental identity and/or
10 purpose to induce "consent" to enter a home or a resident's agreement to exit a
11 home (the Ruse Class claims), and (2) ICE officers' entry into the protected
12 curtilage of homes under a "knock and talk" theory for purposes, i.e., arrest, that
13 exceed the scope of any implied license to enter (the "Knock and Talk" Class
14 claims). *See* Dkt. 38.

15       WHEREAS, the Parties reached a settlement agreement of the Ruse Class
16 claims in this action ("Ruse Class Agreement," or "Agreement"), which has been
17 filed with the Court, Dkt. 525-1 (Padilla Decl., Ex. 1);

18       WHEREAS, on May 5, 2025, the Court granted preliminary approval of the
19 Ruse Class Agreement, approved the proposed notice plan, and certified the Ruse
20 Class, Dkt. 535;

21       WHEREAS, it appears that Notice of the Ruse Class Agreement has been
22 adequately provided to the Ruse Class as provided for by the Court's Order
23 Granting Preliminary Approval;

24       WHEREAS, the Court has considered the Ruse Class Agreement between
25 the Plaintiffs and Defendants, and the pleadings submitted in connection with the
26 parties' request for final approval of the Ruse Class Agreement, and good cause
27 appearing therefore; and
28

1  WHEREAS, on July 7, 2025, Plaintiffs filed an Unopposed Motion for Attorneys' Fees and Costs, requesting an order approving $2,600,000 to Class Counsel for fees and costs incurred in litigating the Ruse Class claims in this action;

WHEREAS, the Court held a hearing on August 4, 2025 to consider the final approval of the Ruse Class Agreement and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs, and any objections to the foregoing filed before the hearing;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over this action and each of the Parties in this action.

2. The Court finds that the Ruse Class Agreement appears to have resulted from arm's length negotiations by and among counsel for the Parties who were reasonably skilled and prepared, and who represented the best interests of their respective clients in negotiating the Ruse Class Agreement. The settlement negotiations that led to the Agreement took place in mediation sessions supervised by Magistrate Judge Laurel Beeler. This provides the Court with further assurance that the negotiations leading to the Ruse Class Agreement were good faith, arm's length negotiations, based on a sufficiently developed record, and which appropriately considered the risks of trial, the potential resolution, and all other relevant factors leading to the Ruse Class Agreement.

3. Based on all of the facts and circumstances, the Court finds that the Ruse Class Agreement is fair, reasonable, adequate, and in the best interests of the members of the Ruse Class.

4. The Court further finds that the attorneys' fees and costs provision in the Ruse Class Agreement, *see* Dkt. 525-1 (Agreement, Padilla Decl., Ex. 1, at § X), was the result of arm's length and good faith negotiations supervised by

1  Magistrate Judge Laurel Beeler. The attorneys' fees and costs provision appears to
2  have taken into consideration the right of Plaintiffs to seek an award of fees that
3  would be substantially higher than the amount agreed to, the risks of trial, and all
4  other relevant factors. The Court therefore approves the provisions for attorneys'
5  fees and costs contained in the Ruse Class Agreement in accordance with the Equal
6  Access to Justice Act, 28 U.S.C. § 2412.

7       5.   The Court further finds the Notice to the Class was reasonably
8  calculated to apprise the Ruse Class of the pendency of this action and all material
9  elements of the proposed Ruse Class Agreement, constituted the best notice
10 practicable under the circumstances, and constituted due and sufficient notice.

11      **IT IS HEREBY ORDERED THAT:**

12      1.   The Motion for Final Approval of the Ruse Class Agreement is
13 GRANTED.

14      2.   The Court has jurisdiction over the subject matter of this action under
15 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights actions). The
16 Court has personal jurisdiction over the Ruse Class (as defined in paragraph 5
17 herein), and Defendants.

18      3.   Under Federal Rule of Civil Procedure 23(e), the Ruse Class
19 Agreement is approved as fair, reasonable, and in the best interests of the Ruse
20 Class.

21      4.   This Final Order adopts and incorporates by reference the terms and
22 definitions of the Ruse Class Agreement submitted as Exhibit 1 to the Unopposed
23 Motion for Preliminary Approval of Ruse Class Claims Settlement. Dkt. 525-1
24 (Padilla Decl., Ex. 1). The Parties are directed to implement the Ruse Class
25 Agreement in accordance with its terms and provisions.

26      5.   By its Preliminary Approval Order, dated May 5, 2025, Dkt. 535, the
27 Court certified the following Settlement Class:

28

-3-

<blockquote>"all individuals residing at a home within the Los Angeles Area of Responsibility where ICE has conducted or will conduct a warrantless civil immigration enforcement operation in which ICE officers enter the home under a claim of consent, or where the individual exits their home at the request of ICE, without officers first verbally stating their true identity as immigration officers or their immigration law purpose."</blockquote>

6. The Court previously found that this Ruse Class satisfies the requirements of Federal Rule of Civil Procedure 23, including the requirements of numerosity, commonality, typicality, and adequacy. The Court hereby, for the same reasons it previously granted class certification, *see* Dkt. 335, certifies the Ruse Class as described in paragraph 5 of this Final Order.

7. The Court finds that the ACLU Foundation of Southern California, UC Irvine School of Law Immigrant Rights Clinic, and Munger, Tolles & Olson LLP, (collectively, "Class Counsel"), have fairly and adequately represented the interests of the Ruse Class and satisfy all the requirements of Federal Rule of Civil Procedure 23(g).

8. The Unopposed Motion for Attorneys' Fees and Costs is also GRANTED.

9. The Court finds that Plaintiffs are prevailing parties under the Equal Access to Justice Act (EAJA), and that the requested award for attorneys' fees and costs is reasonable.

10. The Court grants Plaintiffs' Motion for Attorneys' Fees and Costs, Dkt. 546, and approves the attorneys' fees and costs in the amount of $2,600,000. Defendants are hereby ordered to make payment to Class Counsel in the amount of $2,600,000.

11. In accordance with the Ruse Class Agreement, the Court shall retain jurisdiction to supervise the implementation of the Ruse Class Agreement and to enforce its terms consistent with the Dispute Resolution provisions of the Ruse Class Agreement. The Court shall therefore retain jurisdiction for a term of three (3) years from the Effective Date of the Ruse Class Agreement over all disputes between and among the Parties arising out of the Ruse Class Agreement, including but not limited to the interpretation, performance, and enforcement of the terms of the Agreement, including and expressly, the non-monetary terms, as agreed to by the Parties as a condition of resolving their disputes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998). See Dkt. 525-1 (Padilla Decl., Ex. 1, at § VII.D). The Court shall have power to award such relief and issue such judgment as the Court deems proper. See Dkt. 525-1 (Padilla Decl., Ex. 1, at § VI.E).

12. Under Federal Rule of Civil Procedure 54, the Court, in the interest of justice, and there being no just reason for delay, directs the Clerk of Court to enter this Final Approval Order.

**IT IS SO ORDERED.**

Dated this 4 day of August, 2025

_____
The Honorable Otis D. Wright II
United States District Judge